# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEPHEN JOHNSON,
        Petitioner,

        v.         Case No. 08C0613

RONALD K. MALONE,
        Respondent.

## DECISION AND ORDER

Stephen Johnson filed this petition pursuant to 28 U.S.C. § 2254. He challenges his continued detention pending a final parole revocation hearing. Petitioner is currently incarcerated at the Dodge Correctional Institution in Waupun, Wisconsin. Petitioner has applied to proceed in forma pauperis.

### I. IN FORMA PAUPERIS APPLICATION

Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989).

Petitioner has filed the required affidavit of indigence. Upon review of that affidavit, the court is satisfied that petitioner is unable to pay the $5 filing fee. Petitioner attests that he has no income or assets. Further, petitioner has only $0.25 in his prisoner trust account. As such, I will grant petitioner's application to proceed in forma pauperis.

1

## II. RULE FOUR SCREENING

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner raises two grounds for relief. First, he asserts that he has not been provided a timely final parole revocation hearing. Second, he asserts that the parole revocation proceedings against him are invalid because they failed to comply with Wisconsin state regulations.

As to petitioner's first claim, due process requires that a final parole revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. See Morrissey v. Brewer, 408 U.S. 471, 488 (1972); Hanahan v. Luther, 693 F.2d 629, 634 (7th Cir. 1982). Thus, petitioner's assertion that the state has not conducted a timely revocation hearing states a colorable constitutional claim, and he may therefore proceed on that claim. However, claims based on violations of state law are not cognizable in a federal habeas petition, and the failure to follow procedures created by state laws and regulations does not of itself create a federal due process violation. See Pulley v. Harris, 465 U.S. 37, 41 (1984). Therefore, petitioner may not proceed on his claim that the revocation proceedings against him are invalid solely because they failed to comply with state regulations.

2

**IT IS THEREFORE ORDERED** that Stephen Johnson's petition for a writ of habeas corpus is permitted to proceed only as to his claim that he has not been provided a final parole revocation hearing within a reasonable time after he was taken into custody.

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin this 23 day of August, 2008.

/s
LYNN ADELMAN
District Judge