# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEPHEN JOHNSON,**
        **Petitioner,**

     v.                                  **Case No. 08C0613**

**RONALD K. MALONE,**
        **Respondent.**

## DECISION AND ORDER

Stephen Johnson filed this petition pursuant to 28 U.S.C. § 2254. In his original petition, dated June 3, 2008, but filed on July 15, 2008, he asserted that the Wisconsin Division of Hearings and Appeals had not yet provided him a final revocation hearing, nor had it provided him with notice of such a hearing, and it failed to comply with its own regulations regarding the time limits for providing such a hearing. After screening the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases, I allowed petitioner to proceed on his claim that his continued detention without a timely final revocation hearing violated due process. However, petitioner filed a motion to amend/correct the screening order, indicating that subsequent to the date of the petition the Division of Hearings and Appeals conducted a final revocation hearing, after which petitioner's parole was revoked.

Federal Rule of Civil Procedure 54(b) allows a court to revise at any time any order that does not adjudicate all the claims or the rights and liabilities of all parties prior to entry of judgment. A motion for reconsideration under Rule 54(b) serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F.Supp. 656, 665-66

1

(N.D.Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n. 8 (1983)).

In light of the new fact that petitioner has been given a final revocation hearing, I will reconsider the screening order to take this into account. Petitioner, in his petition, sets forth three potential grounds for habeas relief: 1) he was not given constitutionally adequate notice prior to the final revocation hearing; 2) the final revocation hearing was unreasonably delayed following his detainment; and 3) the state failed to comply with its own procedural regulations regarding the timing of the final revocation hearing. Regarding the first ground, written notice of the claimed parole violations is required by the constitution, and thus petitioner may proceed on this ground. Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972). Second, due process mandates that a final parole revocation hearing must be tendered within a reasonable time after the parolee is taken into custody, and petitioner may therefore proceed on this ground. See id. at 488. Third, while I previously noted that claims arising solely under state law are not cognizable in federal habeas actions, as petitioner correctly points out, some state laws may contain language that creates liberty interests protected by the federal due process clause. See, e.g., Board of Pardons v. Allen, 482 U.S. 369, 371 (1987). Here, petitioner alleges that the relevant regulations regarding the timing of the final revocation hearing created a liberty interest protectable by the due process clause. As such, I will allow petitioner to proceed on this ground as well.

Because respondent filed an answer on the assumption that petitioner had not yet been given a final revocation hearing, I will require him to file an amended answer.

Additionally, the parties shall file supplemental briefs addressing the issues that were not addressed in the first briefs–namely, whether petitioner received constitutionally adequate notice, and whether the alleged failure to comply with state regulations violated petitioner's due process rights.[1]  I will take all briefs into account when deciding the merits of the habeas petition, so the parties need not repeat any arguments included in the first briefs.

**IT IS THEREFORE ORDERED** that Stephen Johnson's motion to amend/correct is **GRANTED** as discussed herein.

**IT IS FURTHER ORDERED** that within 21 days of the date of this order respondent file an amended answer to the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims:  (1) petitioner shall have 30 days following the filing of respondent's answer within which to file his supplemental brief in support of his petition; (2) respondent shall have 30 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 21 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

---

[1] I question whether the fact that petitioner has been given a final revocation hearing moots his habeas claim regarding the unreasonable delay of that hearing. See, e.g., Evans v. Wis. Dep't of Probation and Parole, Case No. 07C0351, 2007 U.S. Dist. Lexis 31335, at *5 (Apr. 26, 2007) (dismissing habeas claim that, prior to the final revocation hearing, the Wisconsin Department of Probation and Parole held petitioner in custody for more than 55 days without a preliminary hearing, because that claim was challenging past custody, rather than present or future custody, and therefore was not cognizable in a habeas action).  The same rationale applies to the claim regarding the failure to comply with state regulations regarding timing of a final revocation hearing.  While the alleged unreasonable delay and violation of state regulations may have violated petitioner's constitutional rights, and therefore may be cognizable in an action under 42 U.S.C. § 1983, the parties shall discuss in their supplemental briefs whether these claims are still a viable basis for habeas relief in this case.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Dated at Milwaukee, Wisconsin this 22 day of April, 2009.

/s
LYNN ADELMAN
District Judge