# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN JOHNSON,**
        Petitioner,

    v.                               Case No. 08C0613

**BRAD HOMPE,**
        Respondent.[1]

## DECISION AND ORDER

Petitioner Steven Johnson, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the state's revocation of his parole. Petitioner alleges that the state violated his right to due process by failing to provide adequate notice before revoking him, unreasonably delaying his revocation hearing and failing to comply with its own regulations regarding the timing of the notice and date of his final revocation hearing.[2]

## I. BACKGROUND

In 1993, petitioner was convicted of armed robbery and sentenced to fifteen years in prison. He was paroled in 2002, but in June 2006, the Department of Corrections (DOC) revoked his parole and the Division of Hearings and Appeal (DHA) ordered him reincarcerated. He was released in January 2007, but on January 8, 2008, the DOC

---

[1] I have amended the caption to reflect that petitioner's present custodian is Brad Hompe, Warden at the Stanley Correctional Institution.

[2] Petitioner asks me to strike respondent's supplemental brief as untimely. I will deny the motion because respondent timely filed his brief within thirty days of petitioner's filing of his supplemental brief.

detained him and commenced another revocation proceeding. On March 6, 2008, petitioner asserted his right to a speedy revocation hearing. While awaiting the final revocation hearing, petitioner unsuccessfully sought a writ of mandamus, claiming that his parole agent had untimely requested a revocation hearing under Wis. Admin. Code § HA 3.05(3).[3] Subsequently, the court of appeals denied petitioner relief ex parte, see Wis Stat § 809.51(2), stating that HA 3.05(3) applied only to fair hearings relating to food stamps, social services and public assistance, not corrections matters. DHA ultimately held petitioner's revocation hearing on June 3, 2008, and at the hearing, the administrative law judge revoked and reincarcerated him.

Petitioner then asked the court of appeals to reconsider whether the state had timely handled his revocation proceedings. He stated that he relied on Wis. Stat. § 302.335(2)(b) ("[t]he division shall begin a final revocation hearing within 50 calendar days after the person is detained in the county jail") and Wis. Admin. Code § HA 2.05 ("[n]otice of a final revocation hearing shall be sent by the division within 5 days of receipt of a hearing request"). He claimed these regulations were mandatory and created a liberty interest protected by the Fourteenth Amendment's Due Process Clause and that the DHA had violated the interest by failing to hold a hearing within fifty days of his being detained and failing to provide notice within five days of the request. Petitioner did not inform the court that since it had last addressed the case, the DHA had held a revocation hearing. Once again, the court of appeals denied relief ex parte, stating that the fifty and five day limitations periods were directory, not mandatory and that the hearing had not been

---

[3] ". . . the petitioner shall have 45 days from the effective date of the adverse action specified under s. HA 3.03 in which to file a hearing request."

2

unreasonably delayed. The state supreme court denied petitioner's request for further review.

## II. DISCUSSION

Federal courts may only grant habeas relief to petitioners demonstrating that they are in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). I cannot grant relief on the merits of petitioner's constitutional claims unless he first exhausts the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A). I can however, in appropriate cases deny relief on the merits. 28 U.S.C. § 2254(b)(2) (application for habeas relief may be denied on the merits notwithstanding petitioner's failure to exhaust). If petitioner exhausted his state court remedies, he may obtain a writ of habeas corpus under § 2254(d)(1) if he demonstrates that the last state court decision to review the merits of his argument was "contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court" or, under § 2254(d)(2), if he shows that the state court decision "was based on an unreasonable determination of the facts." Petitioner seeks relief under § 2254(d)(1).

When the State seeks to revoke parole, due process requires written notice of the claimed violations of parole. Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Due process also requires that a parolee receive a revocation hearing within a reasonable time after being taken into custody. Id. at 488. The factors to consider in determining the reasonableness of the timing of a hearing are the same as those used to determine whether defendant has had a speedy trial. See Barker v. Wingo, 407 U.S. 514 (1972). These include the length of the delay, the reasons for the delay, whether and when

3

petitioner asserted a right to a prompt hearing, and whether petitioner suffered prejudice. Hanahan v. Luther, 693 F.2d 629, 634 (7th Cir. 1982).

As an initial matter, I note that petitioner exhausted the available state court remedies for only two of his three claims. Petitioner contends that he did not receive constitutionally adequate notice of the hearing. However, he did not present this issue to the court of appeals. Because the claim is meritless, it is appropriate to deny the claim even though it is unexhausted. See Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., concurring). The record indicates that petitioner did in fact receive sufficient notice.

As for petitioner's exhausted claims, he first contends that the court of appeals ignored Supreme Court precedent, stating that the use of the word "shall" in statutes can create a liberty interest protected by due process. See Bd. of Pardons v. Allen, 482 U.S. 369, 371 (1997). However, Wisconsin courts treat the five-day notice and the fifty-day hearing provisions as directory. State ex rel. Jones v. Div. Adm'r, State, Div. of Hearing & Appeals, 195 Wis. 2d 669 (Ct. App. 1995); see also DaimlerChrysler v. LIRC, 2007 WI 15, 299 Wis. 2d 1 (administrative rules implementing statutes [such as HA 2.05 and Wis. Stat. § 302.335] are construed together). State courts are entitled to interpret the laws of their own state, and their interpretations are binding on federal courts. Wainwright v. Goode, 464 U.S. 78, 84 (1983). Thus, petitioner's assertion that the state court of appeals contradicted or unreasonably applied a Supreme Court precedent fails.

Citing Barker, petitioner also challenges the court of appeals's determination that the length of his detention did not violate due process. However, the court of appeals correctly identified that the hearing must be held within a reasonable time. See Morrissey, 408 U.S. at 489. It then noted that petitioner had failed to present any arguments as to

4

why, under the Barker factors, the duration of his detention was unreasonable. The court further held that the duration was not per se unreasonable. This determination also did not contradict or unreasonably apply Supreme Court precedent.

Therefore, for the foregoing reasons,

**IT IS ORDERED** that the motions to strike respondent's brief is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to strike respondent's exhibits is **DENIED**.

**FINALLY, IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and this case **DISMISSED**.

Dated at Milwaukee, Wisconsin this 22 day of October, 2009.

/s_____
LYNN ADELMAN
District Judge