# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN JOHNSON,
        Petitioner,

v.                           Case No. 08C0613

BRAD HOMPE,
        Respondent.

## DECISION AND ORDER

On October 22, 2009, I denied Steven Johnson's petition for a writ of habeas corpus. Pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b)(1), petitioner now seeks a certificate of appealability (COA). In my October 22, 2009 decision, I stated the relevant facts, and I presume familiarity with them. Petitioner must seek a COA because he wishes to appeal a final order in a habeas proceeding in which his detention arose out of process issued by a State Court. § 2253(c)(1)(A). Petitioner is presently serving a sentence resulting from a state court robbery conviction for which his parole was revoked. I may issue a COA only if petitioner makes a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

As to the issues that petitioner presents, jurists of reason would not differ, and such

issues should not proceed further.  Petitioner contends that he did not receive constitutionally adequate notice of a parole revocation hearing. However, the record contradicts this assertion.  He next contends that his final revocation hearing was untimely under Barker v. Wingo, 407 U.S. 514 (1972).  However, the hearing was held within a reasonable time and in so holding, the state court of appeals did not contradict or unreasonably apply Supreme Court precedent.  Petitioner also contends that the state court of appeals misinterpreted the word "shall" in Wisconsin statutes, but Wisconsin courts are the arbiters of Wisconsin statutes.  Finally, petitioner asserts that respondent admitted his allegations by not responding to his state court petition.  But Wis. Stat. § 809.51(2) is to the contrary.

Thus, petitioner fails to show that any constitutional right was denied.  Therefore,

**IT IS ORDERED** that petitioner's request for certificate of appealability is **DENIED.**

Dated at Milwaukee, Wisconsin, this 23 day of November, 2009.

/s_____
LYNN ADELMAN
District Judge

2

Case 2:08-cv-00613-LA   Filed 11/23/09   Page 2 of 2   Document 60